[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE MOTION #101.00
The court finds the following facts.
The defendant left the marital domicile at the end of July pursuant to court order. The order resulted from the plaintiff's application for a relief from abuse.
When the defendant left the home, he took the childrens' bonds. He cashed in a bond in the face amount of $1,000 which belonged to his daughter and received approximately $700. He used these proceeds to buy furniture and pay bills. He failed to provide his wife with funds to support herself and the children for at least one month. Thereafter, he sent payments in the amount of $700 through the date of the hearing, September 30, 1996.
As a result, the wife has failed to pay the mortgage for three months, has applied for and obtained food stamps in the amount of $313 and has obtained four hours of employment per week. She plans to seek more hours.
The defendant was a short-haul truck driver for Connecticut Air Gas and was earning in excess of $500 per week. He claimed he lost his employment because he was attending court and suffering from stress. The court appearances were necessitated by his physical abuse of his wife and he provided no evidence of stress either medically or by way of symptomology which prevents him from working. The court finds his testimony unconvincing as to the involuntary nature of his termination.
He claims he has contacted at least three trucking firms and can find no employment. He has also, however, worked in the past for his father's floor finishing business earning additional money. The court finds he is capable of obtaining employment and earning at least $500 gross income per week.
The loss of his job means the loss of health insurance coverage for his wife and children. His wife has a heart murmur which requires medication costing approximately $50 per month. She also needs to replace permanently a tooth the defendant knocked out on December 25, 1995. Their daughter is asthmatic and requires daily medication.
The defendant had customarily given his wife his paycheck, retaining approximately 10% for himself. She paid household CT Page 7963 bills from the $900-1,000 he brought in bi-weekly.
The court finds the defendant did not meet his burden of proof that his termination was involuntary. His demeanor and manner of testifying were evasive on this issue. Therefore, the court finds he has an earning capacity of at least $500 per month. The following orders shall enter therefore:
1. The defendant shall pay the plaintiff the sum of $150 per week as child support. This sum is within the child support guidelines where the total net income is approximately $445.
2. The defendant shall pay the plaintiff the sum of $50 alimony. The plaintiff shall pay the mortgage and homeowners insurance.
3. The defendant shall provide medical insurance coverage for the wife and minor children.
4. The parties shall share the unreimbursed medical expenses of the children as follows: 1/4 by the plaintiff, and 3/4 by the defendant.
5. The husband shall maintain the $25,000 Prudential life insurance policy for the benefit of the plaintiff and the children and not encumber the policy in any manner.
6. The plaintiff shall retain possession of the motor vehicle she presently uses.
7. The plaintiff shall have custody of the minor children. The parties entered into a stipulation concerning visitation and exclusive possession of this marital home.
The court takes no action regarding the issue of restitution of the child's bond proceeds. The resolution of that issue may be made at a later stage in these dissolution proceedings.
SANDRA VILARDI LEHENY, J. CT Page 7964